SALDAÑA, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

## APPEAL from a decision of the Registrar of Property of Caguas.

No. 132.—Decided February 14, 1913.

THIRD PARTIES—RECORD OF TITLE.—Paragraph 1 of article 17 of the Mortgage Law has no other purpose or intent than that of protecting third parties, and if the person in whose favor the record is made is not a third party, it cannot be applied.

RECORD OF TITLE—DEED OF TITLE BY CONSTRUCTION—DEED OF SALE.—The record of a house in the registry in favor of its owner by virtue of a deed declaring the construction thereof does not prevent the record of a deed of sale of the same house in favor of the purchaser although the latter was executed prior to the execution of the deed declaring the construction of the house.

ID.—TITLE OF VENDOR—TITLE OF VENDEE.—In accordance with article 20 of the Mortgage Law, in order to record the title of the vendee it is necessary first to record the title of the vendor.

The facts are stated in the opinion.

*Mr. Andrés Mena* for appellant.

The registrar appeared *pro se.*

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In a public instrument executed on May 24, 1912, in the city of Caguas, before Notary Luis Mendín Sabat, Arcadio Saldaña Agosto, with the consent of his wife, Dolores Isabel Polanco Santiago, sold to Pedro Saldaña Rivera a two story concrete house which he was constructing upon a lot belong-

ing to the municipality of Caguas on the corner of Celis Aguilera and Padilla Streets in said city with money belonging to himself and his wife.

Upon presentation in the Registry of Property of Caguas of a copy of that instrument its admission to record was denied by the registrar on the following grounds:

"The record of the preceding document is denied on account of the incurable defect that according to the books of the registry the vendor, Arcadio Saldaña Agosto, acquired the house therein conveyed by having built it, according to a deed dated October 23, 1912, executed in this city before the notary, Luis Mendín Sabat, and that the sale referred to in said instrument was made while the house was in course of construction by a deed executed in this city before said Notary Mendín Sabat on May 24 of the present year, which date is prior to that of the instrument certifying to the construction above mentioned in which the said vendor declared that he had constructed the said house with his own money. This defect prevents the admission to record of the foregoing instrument according to the provisions of article 17 of the Mortgage Law; and a cautionary notice has been entered in lieu thereof for the statutory period of 120 days in favor of the purchaser, Pedro Saldaña Rivera, on folio 82, over, of volume 37 of this city, property number 1752, entry letter A. Caguas, November 26, 1912. Interlineation, 'according to the books of the registry,' good. Lorenzo Giménez García, Acting Registrar."

From this decision of the registrar the present administrative appeal was taken by Pedro Saldaña Rivera.

We are of the opinion that the registrar has committed an error by improperly applying the provisions of article 17 of the Mortgage Law, the first paragraph of which reads as follows:

"After any instrument transferring the ownership or possession of realty, or of property rights thereto, has been recorded or a cautionary notice thereof made in the registry, no other instrument of the same or of a previous date may be recorded or noted, by which the ownership of the same estate or property right is transferred or encumbered."

We have already held in the case of *Roig* v. *The Registrar of Property,* 17 P. R. R., 918, that inasmuch as the sole intent and purpose of the provisions of that article are to protect the rights of third parties it has no application where the person in whose favor the record is made is not a third party.

In the case at bar the person in whose favor the record of the house in question appears in the registry is Arcadio Saldaña Agosto, the same person who with the consent of his wife sold it to Pedro Saldaña Rivera, whose title was denied admission to record. Arcadio Saldaña Agosto, therefore, is not a third party. And, besides, it happens in this case that the title recorded in the registry in favor of Saldaña Agosto is not one passing title but one declaring or, better said, originating the title to the house by right of construction, which circumstance, and leaving aside the reason already given, makes the article of the law quoted inapplicable to this case.

The question before us is not that of the admission to record of a title of a previous or the same date executed by a person other than the one appearing in the registry to have a right to convey, but of a title executed by the very person who appears to have that right, as we said in deciding the case of *Méndez* v. *The Registrar of Caguas,* 18 P. R. R., 777, in which we were called upon to construe the same article invoked by the Registrar of Caguas in his decision here appealed from.

In view of the fact that article 20 of the Mortgage Law provides that in order to record or enter titles transferring or encumbering the ownership or possession of real property or property rights, the title of the person conveying it or in whose name the transfer or encumbrance is made must be previously recorded or entered, it is obvious that before Pedro Saldaña Rivera could have recorded the deed transferring the ownership of the house, the title of his predecessor in title, Arcadio Saldaña Agosto, must have been previously recorded.

Articles 17 and 20 of the Mortgage Law far from being conflicting are in harmony with each other.

For the foregoing reasons the decision of the registrar of November 26 of last year should be reversed and the registrar ordered to proceed to make the entry requested.

*Reversed.*

Justices MacLeary, Wolf, del Toro and Aldrey concurred.